IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

DARRELLENE MYERS and her )
Husband, GERALD MYERS )
)
Plaintiffs, )
)
v. )
)
CHARMING SHOPPES, INC., )
ARIZONA MAIL ORDER, INC., )
LM&B CATALOG, INC. d/b/a )
BROWNSTONE STUDIO, )
& KELLWOOD CORPORATION )
)
Defendants, )
_____)

Case No. 4:06-cv-00005-RRB

## SECOND AMENDED COMPLAINT

Plaintiffs Darrellene Myers and Gerald Myers, through counsel, Cook Schuhmann & Groseclose, Inc., complains and alleges as follows:

### Background and Factual Allegations

1.      Plaintiff Darrellene Myers ("Myers") is a resident of Fairbanks, Alaska and is married to Gerald Myers.

2.      Defendant Brownstone Studio Inc., ("Brownstone") is a Connecticut corporation, doing business in Alaska.

3.      Defendant Arizona Mail Order, Inc ("Arizona Mail Order") is an Arizona corporation, doing business in Alaska.

4.      Defendant Charming Shoppes, Inc. ("Charming Shoppes") is a Connecticut corporation, doing business in Alaska.

5.      Brownstone is owned by LM&B Catalog, Inc. (a Connecticut corporation), which is a part of the Crosstown Traders, Inc. family of catalog businesses, (which was recently acquired by Charming Shoppes) and also includes Arizona Mail Order Co., Inc.; Bedford Fair Apparel, Inc.; Monterey Bay Clothing Company, Inc.; and Figi's, Inc. They also offer products under the title Lew Magram. The manufacturer of the robe was Kellwood Corporation.

6.      This court has personal and subject matter jurisdiction over the parties.

7.      Venue is proper in Fairbanks.

8.      Brownstone[1] sold a robe to Myers after she viewed the robe in a catalog sent to her by the company.

9.      The robe (Item Number XCB 1385 in the Brownstone Studio Fall Preview 2005 catalog) does not have any warning as to its propensity to ignite. The catalog also failed to mention that the robe was quick to be engulfed in billowy flames with little chance for the wearer to have enough reaction time to protect themselves.

10.     On January 18, 2004 Myers was in her bathroom on a Sunday morning, wearing the robe and brushing her teeth.

11.     Myers inadvertently caught the robe on fire in a candle, flame leapt up her robe and proceeded to consume the material so fast that Myers had no time to react. The fire length was easily 2-3 inches and burned in excess of 20% of her body.

---

[1] For the purposes of this complaint, and in the interests of economy, "Brownstone" will incorporate all the defendants previously mentioned.

12. As a direct result of the incident Myers has become severely disfigured. Specifically, there were massive injuries to her face, ear, and chest. She lost her right breast and now has limited use of her right hand.

13. Myers incurred substantial medical expenses as a result of her burns.

14. Nowhere on this piece of clothing was there any warning about the extreme flammability of the robe.

15. The product was unreasonably dangerous for its intended user.

## First Cause of Action:  Negligence

16. Plaintiff reincorporates paragraphs 1 through 15 as if each were fully set forth herein.

17. Brownstone owed a duty to Darrellene Myers to provide clothing that was not negligently manufactured to be extremely flammable and unsafe for the intended use.

18. The duty was owed because it is reasonably foreseeable that this type of injury would occur i.e. there is a direct connection between the type of injury and the dereliction of duty by Brownstone.

19. As a direct and consequential result of Brownstone's negligence, Darrellene Myers suffered, both in the past and for the future, personal injury, loss of consortium, medical costs, pain and suffering, loss of enjoyment of life, emotional distress, and other damages to be proven in an amount exceeding $100,000, the exact amount of which to be proven at trial.

### Second Cause of Action: Negligent Failure to Warn

20. Plaintiff reincorporates paragraphs 1 through 19 as if each were fully set forth herein.

21. Brownstone owed a duty to warn foreseeable users of its products about the possible dangers presented by this clothing.[2]

22. It is foreseeable that a person in a robe would be around candles.

23. Myers had scented candles in her bathroom so that she could relax in her robe and enjoy the scent.

24. Brownstone should have made an effort to warn its customers about dangerous situation presented by the flammability of the robe.

25. Brownstone's failure to warn directly contributed to the injury that occurred.

26. Myers was not aware that her robe was such a flammable piece of material.

27. She certainly was not aware that it would engulf her in flames like it did.

28. Brownstone negligently breached this duty to warn. As a direct and consequential result of Brownstone's breach, Darrellene Myers suffered, both in the past and for the future, personal injury, loss of consortium, medical costs, pain and suffering, loss of enjoyment of life, emotional distress, and other damages to be proven in an amount exceeding $100,000, the exact amount of which to be proven at trial.

---

[2] Even the bag in which the robe came in had a warning sticker which gave notice against the dangers associated with a clear plastic bag and children. Sadly, and to Darrellene Myers' detriment, the robe had no warning whatsoever.

### Third Cause of Action: Breach of Contract

29. Plaintiff reincorporates paragraphs 1 through 28 as if each were fully set forth herein.

30. Brownstone was contractually obligated to provide a product that, when used in an expected and intended manner but inadvertently exposed to fire, did not expose the wearer to an unreasonable and unnecessary risk of being rapidly consumed by fire.

31. Brownstone breached its contractual obligation in the fashion described above.

32. As a direct and consequential result of Brownstone's breach, Darrellene Myers suffered, both in the past and for the future, personal injury, loss of consortium, medical costs, pain and suffering, loss of enjoyment of life, emotional distress, and other damages to be proven in an amount exceeding $100,000, the exact amount of which to be proven at trial.

### Fourth Cause of Action: Strict Liability - Unreasonably Dangerous Product

33. Plaintiff reincorporates paragraphs 1 through 32 as if each were fully set forth herein.

34. The defective robe that disfigured Myers was unreasonably dangerous at the time that it was sold by Brownstone.

35. The ease and rate that the robe caught fire and burned placed Myers in such a situation that she is lucky to be alive.

36. Brownstone's product was unreasonably dangerous for is reasonably foreseeable use and for which Brownstone is strictly liable.

37. As a direct and proximate result of Brownstone's breach, Darrellene Myers suffered, both in the past and for the future, personal injury, loss of consortium, medical costs, pain and suffering, loss of enjoyment of life, emotional distress, and other damages to be proven in an amount exceeding $100,000, the exact amount of which to be proven at trial.

### Fifth Cause of Action: Implied Warranty of Quality, Fitness or Condition

38. Plaintiff reincorporates paragraphs 1 through 37 as if each were fully set forth herein.

39. Brownstone breached its implied warranty of quality, fitness or condition, by selling such a dangerous and flammable product for Myers.

40. A reasonable consumer would not expect a robe to be easily and near-instantaneously engulfed in flames.

41. Because the quality and fitness of the robe were below the standards expected by any reasonable consumer, Brownstone should be held liable.

42. As a direct and proximate result of Brownstone's breach, Darrellene Myers suffered, both in the past and for the future, personal injury, loss of consortium, medical costs, pain and suffering, loss of enjoyment of life, emotional distress, and other damages to be proven in an amount exceeding $100,000, the exact amount of which to be proven at trial.

### Sixth Cause of Action: Loss of Consortium

43. Plaintiffs reincorporate paragraphs 1 through 42 as if each were fully set forth herein.

44.     As a result of the above actions of the defendants Gerald Myers has suffered a loss of consortium.

Darrellene Myers and Gerald Myers pray for relief as follows:

1.      Judgment to enter against defendants for economic and non-economic damages in the principal amount to be determined at trial.

2.      For costs, interest and attorney's fees.

3.      For such other relief as the court feels appropriate.

DATED this ____ day of August, 2006.

        COOK SCHUHMANN & GROSECLOSE, INC.
        Attorneys for Darrellene Myers and Gerald Myers

By   s/Zane D. Wilson
     Zane D. Wilson
     714 Fourth Avenue, Suite 200
     Fairbanks, Alaska 99701
     907-452-1855
     907-452-8154 fax
     zane@alaskalaw.com
     #9111108

**CERTIFICATE OF SERVICE**
I hereby certify that on August 29, 2006,
a copy of the foregoing Stipulation to Amend Complaint,
Order and Second Amended Complaint, was served
electronically on:

Clay A. Young
Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, AK 99501
907-279-3581
907-277-1331 fax
cay@delaneywiles.com

and by regular U.S. mail on:

Michael J. Goldman
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree St., N.E.
Atlanta, GA 30308-3243

s/Zane D. Wilson
#9111108

Second Amended Complaint
Myers v. Charming Shoppes Inc. *et al.*
Page 7 of 7